**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>       *Plaintiff*,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>       *Defendant*. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Case No. 25-cv-2168 |

**INTRODUCTION**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief to compel the disclosure of agency records that the Federal Bureau of Prisons ("BOP") has improperly withheld.

2. Specifically, Plaintiff American Civil Liberties Union Foundation ("ACLU") seeks an order requiring Defendant BOP to provide documents and information responsive to a FOIA request (the "Request") that Plaintiff submitted on April 1, 2024. The Request seeks information regarding the state of delays in the federal competency evaluation and restoration system.

3. In federal criminal proceedings, if there is "reasonable cause to believe" that a defendant has a mental health condition preventing them from understanding "the nature and consequences of the proceedings against him or to assist properly in his defense," the court may grant a motion for a hearing to determine the mental competency of the defendant. 18 U.S.C. § 4241(a). If, after the hearing, the court finds by a preponderance of the evidence that the individual is presently incompetent, "the court shall commit the defendant to the custody of the Attorney General." *Id.* § 4241(d). The Attorney General "shall hospitalize the defendant for treatment in a suitable facility . . . for such a reasonable period of time, not to exceed four months,

1

as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." *Id.*

4. While many states' competency evaluation and restoration programs have been the subject of widespread reporting,[1] there is considerably less information available about the state of competency evaluation and restoration treatment in the federal criminal system. Federal courts have observed that federal competency restoration entails significant delays,[2] and one report indicates that the average wait time for transfer to a hospital for competency restoration treatment is eight to twelve months.[3] This could mean that hundreds of people who have been found incompetent to stand trial are languishing in federal detention facilities for several months without hospitalization, in violation of the Attorney General's nondiscretionary duty under federal law. Plaintiff seeks information on the nature and cause of these delays for the benefit of the American public.

5. To date, Defendant has failed to issue a determination on Plaintiff's FOIA request and has failed to disclose the requested documents within the time prescribed by FOIA.

6. Plaintiff thus asks the Court for an injunction requiring the BOP to conduct a reasonable search for all responsive records and to immediately process and release any responsive

---

[1] *See generally* Daniel C. Murrie et al., *Evaluations of Competence to Stand Trial Are Evolving Amid a National "Competency Crisis,"* 41 BEHAV. SCI. & L. 310, 314 (2023), https://onlinelibrary.wiley.com/doi/epdf/10.1002/bsl.2620 (noting long waitlists for competency restoration treatment across a number of states including California, Florida, Montana, and Kansas).

[2] *See, e.g.*, *United States v. Beler*, No. 19-mj-100 (BAH), 2019 WL 5789747, at *10 (D.D.C. 2019) ("The inability of components of the U.S. Department of Justice ("DOJ"), including the USMS, BOP and the U.S. Attorney's Office, to execute court orders related to competency examinations, treatment, and restoration in a reasonably timely and prompt fashion is deeply troubling. This District has witnessed significant delays in the transfer of defendants to designated BOP facilities for competency-related examinations.").

[3] Laurence Hammack, *Delay in Mental Treatment Leads to Dismissal of Charges in Roanoke Bomb Threat Case,* ROANOKE TIMES (June 29, 2023), https://roanoke.com/news/local/delay-in-mental-treatment-leads-to-dismissal-of-charges-in-roanoke-bomb-threat-case/article_886baaa8-15f9-11ee-a222-ef6f70eb34d0.html.

records. Plaintiff seeks an order enjoining Defendant from withholding non-exempt, responsive records, and from charging search, review, or duplication fees for the processing of the Request.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 5 U.S.C. §§ 552(a)(4)(B), (6)(C)(i), and 28 U.S.C. § 1331.

8. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because the ACLU has its principal place of business in this district.

## PARTIES

9. Plaintiff American Civil Liberties Union Foundation ("ACLU") is a nationwide, nonprofit, nonpartisan 26 U.S.C. § 501(c)(3) organization, with its principal place of business in New York City. The ACLU's mission is to maintain and advance civil rights and civil liberties and to ensure that the U.S. government acts in compliance with the Constitution and laws of the United States. The ACLU is also committed to principles of transparency and accountability in government and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights. Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and the public is a critical and substantial component of the ACLU's work and one of its primary activities.

10. Defendant Federal Bureau of Prisons ("BOP") is an agency of the U.S. government within the meaning of 5 U.S.C. § 551(1), 5 U.S.C. § 552(f), and 5 U.S.C. § 702. The BOP provides competency evaluation and restoration treatment for federal criminal defendants who have been deemed mentally incompetent to stand trial under 18 U.S.C. § 4241(d). Thus, the BOP has possession, custody, and control of the records that the ACLU seeks.

## STATEMENT OF FACTS

### Plaintiff's Request

11. On April 1, 2024, the ACLU submitted the Request to the BOP seeking records relating to the federal competency evaluation and restoration system. The Request complied with the BOP's FOIA requirements and is attached as Exhibit A to this Complaint.

12. Plaintiff requested that the records be provided electronically in their native file format. Alternatively, Plaintiff requested that the records be provided electronically in a text-searchable, static-image format (PDF), in the best image quality in the agency's possession, and that the records be provided in separate, Bates-stamped files.

13. Plaintiff sought a waiver of search, review, and reproduction fees on the ground that disclosure of the requested records is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 28 C.F.R. § 16.10(k)(2).

14. Plaintiff also sought a waiver of search and review fees on the ground that the ACLU qualifies as a "representative of the news media" and that the records are not sought for commercial use. 5 U.S.C. § 552(a)(4)(A)(ii)(II); *see also* 28 C.F.R. §§ 16.10(k)(2)(ii)–(iii).

15. In support of its request for a fee waiver, Plaintiff noted that disclosure of the materials is in the public interest because there is little information that is publicly available regarding the federal competency evaluation and restoration system. Thus, the records sought are certain to contribute significantly to the public's understanding of delays in the system, especially for people who are not restorable and whose cases are ultimately dismissed on that basis.

16. Plaintiff noted that it is a 501(c)(3) nonprofit organization that has no commercial interest, and cited to its work of publishing, analyzing, and disseminating information through its

heavily visited website, which includes many features on information obtained through FOIA requests. Plaintiff also substantiated its status as a "representative of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii)(II).

17. Plaintiff also sought expedited processing of the Request pursuant to 5 U.S.C. § 552(a)(6)(E) on the ground that there is a "compelling need" for these records because the information requested is "urgen[tly]" needed by an organization primarily engaged in disseminating information "to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

### Defendant's Response to the Request

18. By letter dated April 9, 2024, the BOP acknowledged receipt of the Request on April 1, 2024, and assigned it tracking number 2024-02921. This letter granted Plaintiff's request for expedited processing, but also stated that processing the Request "may take up to six months." The letter did not explicitly respond to the Plaintiff's request for a fee waiver, or state whether the fee waiver request had been reviewed, approved, or denied. This letter is attached as Exhibit B to this Complaint.[4]

19. By email dated May 13, 2024, Plaintiff requested the BOP to update Plaintiff's email address on file and for all communications related to the Request to be sent to the updated email address. On May 15, 2024, the BOP replied via email that Plaintiff's email address had been updated, and included the above-referenced April 9, 2024 letter as an attachment. This email correspondence is attached as Exhibit C to this Complaint.

20. By email dated November 14, 2024, Plaintiff asked the BOP to provide an update on the status of the Request, noting that it had not received any correspondence or responsive records. Plaintiff also noted in this email that, according to the BOP's online records

---

[4] Plaintiff received this letter via email on May 15, 2024.

5

(https://www.bop.gov/foia/index.jsp#tabs-6), the status of the request was listed as "DAddRvwLog [sic]." The BOP replied to this email on November 19, 2024, stating that "some documents have been loaded for review" and "[o]nce the review is complete, you [Plaintiff] will receive correspondence from this office." Additionally, the BOP stated its anticipated date of completion for the review was January 5, 2025. This email correspondence is attached as Exhibit D to this Complaint.

21.     By email dated January 6, 2025, Plaintiff requested the BOP to provide an update on when the Request would be processed, noting that it had not received any correspondence or responsive records.

22.     On January 10, 2025, a representative from the BOP's FOIA office called Plaintiff, confirming that the BOP had responsive documents, but noted that "requests of this nature take about nine months to complete." The representative further stated that he would contact the assigned processor to give Plaintiff a status update on the Request.

23.     On January 16, 2025, the BOP emailed Plaintiff stating that it had "received some records for your [Plaintiff's] request," but that "[t]he records have not yet been processed" and "the request is still in our queue awaiting the remaining records." The BOP further stated it will "work with the FOIA liaison" to make its productions in a "rolling release" fashion. This email correspondence is attached as Exhibit E to this Complaint.

24.     Plaintiff has not received a determination from the BOP in response to the Request that communicates the scope of the documents that the agency will produce and the scope of the documents that the agency plans to withhold under any FOIA exemptions.

25.     Plaintiff has not received any production from the BOP in response to the Request.

26.     Plaintiff has also not received a decision from the BOP regarding its fee waiver request for the Request.

6

## CLAIMS FOR RELIEF

### COUNT ONE
**Violation of the Freedom of Information Act, 5 U.S.C. § 552
for Failure to Respond Within the Time Required**

27. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

28. Under the FOIA, Defendant was required to respond to Plaintiff's FOIA request and to notify Plaintiff of the agency's determination within 20 working days after receiving the request. 5 U.S.C. § 552(a)(6)(A).

29. Defendant's failure to make the requisite determination and to communicate it to Plaintiff within the time allowed by the statute violates the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

### COUNT TWO
**Violation of the Freedom of Information Act, 5 U.S.C. § 552
for Failure to Conduct an Adequate Search**

30. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

31. Defendant has violated its obligation under the FOIA by failing to make a reasonable effort to search for records responsive to Plaintiff's request. 5 U.S.C. § 552(a)(3)(C).

### COUNT THREE
**Violation of the Freedom of Information Act, 5 U.S.C. § 552
for Wrongful Withholding of Records**

32. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

33. Defendant is wrongfully withholding agency records by failing to segregate and release non-exempt records responsive to Plaintiff's FOIA request.

34. Defendant is obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to Plaintiff's FOIA request.

35.  Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to disclose them.

36.  Defendant's failure to disclose all responsive records violates its statutory obligation to make requested records promptly available to the public. 5 U.S.C. § 552(a).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1.  Order Defendant to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA Request in accordance with 5 U.S.C. § 552(a)(3)(C);

2.  Order Defendant to immediately process and release any responsive records;

3.  Enjoin Defendant from withholding non-exempt, responsive records;

4.  Enjoin Defendant from charging Plaintiff search, review, or duplication fees for the processing of the Request;

5.  Award Plaintiff costs and reasonable attorneys' fees incurred in this action; and

6.  Grant such other relief as the Court may deem just, equitable, and appropriate.

Respectfully submitted,

/s/ Mariana Kovel
Riss Aguilar*
Mariana Kovel
Trisha Trigilio**
American Civil Liberties Union Foundation
Criminal Law Reform Project
125 Broad Street, 18th Floor
New York, NY 10004 415-867-6052
mkovel@aclu.org
*Attorneys for Plaintiff*

*Application for admission *pro hac vice* forthcoming

**Application for admission pending